(No. 4051)

LARUE LANE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 16, 1948.*

CLAIMANT, *Pro Se.*

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

BERGSTROM, J.

Claimant filed his claim on December 2, 1947 for compensation under the Workmen's Compensation Act, for injuries which he suffered on September 19, 1947, while employed by respondent.

He was employed by respondent in the Department of Public Works and Buildings, Division of Highways, as a highway patrolman. On September 19, 1947 claimant's group of men were cleaning a sewer on S.B.I. Route No. 97, near Dearborn and Promade Streets, in Havana, Mason County, Illinois. This was done by feeding a cable through the tile from one manhole to another. A drag was attached to one end of the line and a winch was used to pull the drag through that portion of the sewer. On the aforesaid date, while operating the winch, claimant placed his right hand on an exposed cogwheel of the winch. His right index finger was caught in the cogs and crushed. Claimant went to the office of Dr. William E. Northland in Havana, who gave first aid immediately after the accident. On the following day Dr. Northland sent claimant to the Deal Clinic at Springfield, Illinois, for subsequent care.

It was necessary to amputate his right index finger at the distal joint. The X-rays show no injury to the remainder of the finger. Except for sufficient time to call on his doctor, claimant continued work throughout his treatment period. Respondent paid the medical expenses incurred in connection with this injury.

At the time of the accident in which the claimant, Larue Lane, was injured, employer and employee were operating under the provisions of the Workmen's Com-

pensation Act of this State. Notice of the accident and claim for compensation were made within the time provided by the Act. The accident arose out of and in the course of claimant's employment.

Claimant had no children under sixteen years of age depending upon him for support. For the year preceding his injury his earnings totaled $2,258.03. His compensation rate, therefore, would be $15.00 per week. However, as the injury was incurred after July 1, 1947, this must be increased 30%, making his compensation rate $19.50 per week.

Claimant is entitled to an award for one-half the loss of his right index finger. Under Sec. 8, Par. E, this would be twenty weeks at $19.50 per week, or $390.00. An award is therefore made in favor of claimant, Larue Lane, in the amount of $390.00, all of which has accrued and is payable forthwith.

Hugo Antonacci, court reporter, 502 Illinois National Bank Building, Springfield, Illinois, was employed to take and transcribe the testimony, for which he made a charge of $5.55. We find that this charge is fair, reasonable and customary.

An award is therefore entered in favor of Hugo Antonacci, Springfield, Illinois, in the sum of $5.55.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."